ALEXANDER LOGUE v. ROBERT LINK.

In an action for damages from the bite of a dog, declarations of the defendant's wife are inadmissible, as evidence against the husband, although the injury occurs in a part of his house under the particular charge of the wife. Her performance of domestic duties therein does not constitute her the agent of the husband in such sense as to render her admissions evidence against him.

Where a dog is kept chained, and the person injured has knowledge thereof; *quere*, whether the keeper can be subjected to liability?

THE parties resided in a tenement house, the plaintiff having rooms in a story above those occupied by the defendant. The action was instituted to recover damages for serious injuries sustained by the plaintiff's child, aged three years, from the bite of a dog kept by the defendant in one of his apartments.

From the testimony produced by the defendant, it appeared that the dog was kept chained in the room, and that the plaintiff and his family had knowledge thereof. These averments were, however, contradicted in the plaintiff's proofs.

One of the plaintiff's witnesses testified that he, (the witness,) upon hearing the cries of the child, knocked at the door, and there had a conversation with the defendant's wife. The witness was suffered, under exception, to repeat statements of the wife to the effect that the dog had attacked other persons, and also to detail her representations as to the circumstances of the injury in question. The plaintiff contended, that the injury having taken place in a bed room of the defendant's family, where the wife was in the performance of

domestic duties, she was acting as the plaintiff's agent, and that her admissions were, therefore, competent as evidence against him.

A jury in the Marine Court found a verdict for the plaintiff. From a judgment entered thereon the defendant appealed.

*Benjamin M. Stilwell* and *S. E. Swain*, for the defendant.

*Frederick H. B. Bryan*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—This action was for damages, on account of a child of the plaintiff having been bitten by a dog, kept by the defendant in his bed room.

Upon the trial, admissions of the defendant's wife as to the occurrence and the character of the dog, were proven by the plaintiff, under objection. Those admissions were as to the mode in which the injury occurred, and as to the character of the dog.

This evidence was improper. The admissions of a wife are not evidence against her husband. Even if she were his agent, her admissions, after the agency was over, of what had taken place, could not be received in evidence; but in this case she was not his agent, and her declarations as to the character of the dog, as well as to the cause of the biting, were improperly received.

It is said, the same facts were proved by others. Such was the case as to the character of the dog, but not as to the mode in which the injury occurred, or as to the share her children had in causing the occurrence.

It may well be doubted, also, whether the defendant was liable at all under the circumstances. The defendant had the dog chained in his bed room. It was known to the plaintiff that the dog was kept there, and with such knowledge he suffered his child, of the age of three years, to go where the dog was, unattended by any one. A man has a right to keep a dog or any other animal, provided he is kept under restraint, so that persons pursuing their ordinary or lawful avocations,

are not exposed to danger. As well might it be said, that the keepers of wild animals for exhibition were liable, if a spectator went near the cage and was bitten, as that the defendant is liable under the circumstances proved here. The rule is, not that a man may not keep a dog that is disposed to bite, but that if he does keep one, he must keep him confined, so that strangers may not be injured by him.

It is, however, not necessary to discuss this branch of the case further.

The admissions of the wife were improperly received, and I am not prepared to say, that without that evidence, the plaintiff's case was properly made out.

Judgment reversed.